**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

**IN RE: ANGELA H. MOON**

       **Debtor,**

**DORIS COUSIN, ADMINISTRATOR
OF THE ESTATE OF DONALD K. MOON, DECEASED**

**v.**                                                **CASE NUMBER 09-62915**

**ANGELA HALL MOON**                                  **CHAPTER 7**

---

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT

Comes now, **DORIS COUSIN, Administrator of the Estate of Donald K. Moon, Deceased,** by counsel, and for her Complaint against the defendant, **ANGELA HALL MOON**, objecting to the dischargeability of a debt, states and alleges the following:

### JURISDICTION

1. This Court has jurisdiction of this proceeding under 28 U.S.C. §157 and 11 U.S.C. §523(a)6 and (a)(2)(A).

2. Venue of this proceeding is proper under 28 U.S.C. § 1408 and 1409.

3. This is a core proceeding under 28 U.S.C. 157 (b)(2)(G)(I) and (J).

### COUNT I

4. **DONALD K. MOON** resided in Campbell County on April 16,

1

2006.  The plaintiff, **DORIS COUSIN**, is his sister.

5.  On the 18th day of December, 2006, **DORIS COUSIN** qualified and was duly appointed as the administrator of the Estate of **DONALD K. MOON**, deceased, before the Clerk of the Circuit Court of Campbell County, Virginia.

6.  On April 16, 2006, in Campbell County, Virginia, **ANGELA HALL MOON** did willfully and maliciously injure and kill **DONALD K. MOON** by stabbing him with a knife.

7.  The decedent died intestate, survived by the following statutory beneficiary: **ABRAM CORTEZ WALLER**, a son, date of birth: February 6, 1998, who has suffered severe mental anguish, sorrow, and loss of the solace, society, companionship, comfort, guidance, kindly offices and advise of the decedent, as well as the loss of his company, counsel and love; that said beneficiary has further suffered the loss of the services, support, protection, care and assistance provided by the decedent; and finally, has suffered his reasonable medical and funeral expenses.

## COUNT II

8.  The allegations of paragraphs 4 through 7 are here re-alleged.

9.  The deceased had a life insurance policy on his life with Lafayette Life Insurance Company in the amount of $20,000, which named the defendant as the beneficiary of the policy.

10. The defendant should not be permitted to profit from her own wrong.  The intentional murder of **DONALD K. MOON** and attempt to collect his life insurance amounts to fraud and an attempt to

obtain money under false pretenses.

11. The equitable claims of the Estate of **DONALD K. MOON** and the deceased's minor son require that the Court prevent unjust enrichment and impose a constructive trust on the proceeds of the life insurance policy.

12. Pursuant to 11 U.S.C. 523(a)(6) and (2)(A) bankruptcy does not discharge a debtor from willful malicious injury or fraud.

**WHEREFORE**, plaintiff moves for entry of an Order declaring the wrongful death claim nondischargeable pursuant to 11 U.S.C. 523(a)(6), and the claim to the insurance proceeds by the debtor fraudulent and for such other relief as this Court deems proper.

                              **DORIS COUSIN, ADMINISTRATOR OF THE ESTATE OF DONALD K. MOON, DECEASED**

                        BY: _____s/Glenn L. Berger_____
                               Of Counsel

Glenn L. Berger, Esquire
VSB No. 16913
BERGER & THORNHILL
P.O. Box 298
Altavista, Virginia 24517
(434)369-2000
(434)369-7927 facsimile

CERTIFICATE

This will certify that a true copy of the foregoing was mailed this 19th day of November, 2009, to the following:

    Reginald Yancey, Esquire
    P.O. Box 11908
    Lynchburg, Virginia 24506

    William F. Schneider, Esquire
    P.O. Box 739
    Lynchburg, Virginia 24505

                                    s/Glenn L. Berger